ALVIN HERBERT; TONY BRYANT,

               Plaintiffs,

-against-

HONORABLE JUDGE REMY DEVITO;
CARL A. HUSBANDS, ESQ.; SHERMA
JACK-BRISSEAU,

               Defendants.

**MEMORANDUM AND ORDER**
18-CV-5287 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 04 2018 ★
BROOKLYN OFFICE

-----------------------------------------------------------------x

**ANN M. DONNELLY**, United States District Judge:

    Plaintiffs Alvin Herbert and Tony Bryant bring this *pro se* action against defendants the Honorable Remy Devito, Sherma Jack-Brisseau, and Carl A. Husbands in connection with an eviction proceeding in Kings County Housing Court. The plaintiffs have paid the required filing fee. The complaint is dismissed with leave to file an amended complaint within 30 days of this Order.

## BACKGROUND

    The current dispute arises from the plaintiffs' occupancy of 126 East 35th Street in Brooklyn, which they leased from defendants Sherma Jack-Brisseau, the owner of the property, and Carl A. Husbands, the "agent/property manager/attorney/real estate broker" for Jack-Brisseau. (ECF No. 1 at 2–3.) Specifically, the plaintiffs fault defendants Jack-Brisseau and Husbands for "back[ing] out of [a] contract" to sell the property to Herbert and his daughter in September of 2017 (*id.* at 4), "profit[ing] unjustly" from the "labor and services" plaintiffs provided in connection with "repairs and construction of the premises" (*id.* at 4-5), and for wrongfully evicting plaintiff Herbert from the property (*id.* at 5-6). The plaintiffs also allege that defendants Jack-Brisseau and Husbands "used the blindness of the court to perfect their artifice

1

or scheme to obtain a judgment and warrant of eviction base[d] on another false filing of a petition in the civil housing court . . . ." (ECF No. 1 at 6.)

In addition, the plaintiffs sue Judge Devito, who presided over the Kings County Housing Court eviction proceeding, claiming that "[Judge Devito] exceed[ed] her authority when she proceeded to rule against [plaintiff Herbert], and rendered a determination in excess of her authority by upholding the eviction by way of an inquest in a new decision . . . ." (*Id.*)

The plaintiffs seek $500,000 in actual damages and $1,600,000 in punitive damages from defendants Jack-Brisseau and Husbands for "acts of mail fraud and/or wire fraud," and "the misuse of the New York State, and City Court System" to deprive the plaintiff of property. (*Id.* at 7.)[1] The plaintiffs also seek $10,000 "for every day that they are out of possession of the subject premises" from Judge Devito. (*Id.*)

## DISCUSSION

The plaintiffs are proceeding *pro se*, so their pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Still, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers

---

[1] Plaintiff Bryant seeks an additional $36,000 from defendants Jack-Brisseau and Husbands for "time and money wasted in fighting . . . illegal court proceedings" and for "the investment of time and money" spent repairing the property. (*Id.*)

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

A district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). "A complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune from suit." *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (internal quotations omitted).

## I. Subject Matter Jurisdiction

Although plaintiff brings this action pursuant to 42 U.S.C. § 1983 and other federal laws[2]—thereby invoking federal question jurisdiction—as well as under diversity jurisdiction (ECF No. 1 at 3), the complaint is dismissed under Fed. R. Civ. P. 12(h)(3) because the plaintiffs fail to set forth any facts to suggest that this Court has subject matter jurisdiction over this action. Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see* Fed. R. Civ. P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). Federal subject

---

[2] The plaintiffs bring this action in part, under federal criminal statutes 18 U.S.C. §§ 1341, 1961. (ECF No. 1 at 3.) However, "federal criminal statutes do not provide private causes of action." *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order); *see Bey v. Carroll*, No. 15-CV-1466, 2015 WL 1016087, at *2 (S.D.N.Y. Mar. 5, 2015) ("The federal criminal statutes found in Title 18 of the United States Code are inapplicable to this action because a private citizen cannot prosecute a criminal action in federal court.").

3

matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Igartua v. Dept. of Homeless Svcs.*, No. 15–CV–3806, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

A plaintiff properly invokes federal question jurisdiction "when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). There is no basis for federal jurisdiction over this action as "federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain v. Rambert*, No. 13–CV–5807, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (internal citations omitted); *Allied Manor Road LLC v. Berrios*, No. 17–CV–2277, 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 19, 2017) (Allegations that a private landlord violated "due process and equal protection rights" does not confer subject matter jurisdiction over a landlord-tenant matter.); *Southerland v. N.Y.C. Hous. Auth.*, No. 10–CV–5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (Court dismissed wrongful eviction claim because federal courts do not have subject matter jurisdiction over landlord-tenant matters).

The plaintiffs also fail to establish that this Court has diversity jurisdiction over this action. Diversity jurisdiction is properly invoked when a plaintiff presents a claim between parties who have complete diversity of citizenship—where each plaintiff's citizenship is different from the citizenship of each defendant—and seeks at least $75,000 in damages. *Arbaugh*, 546 U.S. at 513 (citing 28 U.S.C. § 1332(a)); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). Although defendant Jack-Brisseau is a Maryland citizen,

matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Igartua v. Dept. of Homeless Svcs.*, No. 15–CV–3806, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

A plaintiff properly invokes federal question jurisdiction "when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). There is no basis for federal jurisdiction over this action as "federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain v. Rambert*, No. 13–CV–5807, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (internal citations omitted); *Allied Manor Road LLC v. Berrios*, No. 17–CV–2277, 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 19, 2017) (Allegations that a private landlord violated "due process and equal protection rights" does not confer subject matter jurisdiction over a landlord-tenant matter.); *Southerland v. N.Y.C. Hous. Auth.*, No. 10–CV–5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (Court dismissed wrongful eviction claim because federal courts do not have subject matter jurisdiction over landlord-tenant matters).

The plaintiffs also fail to establish that this Court has diversity jurisdiction over this action. Diversity jurisdiction is properly invoked when a plaintiff presents a claim between parties who have complete diversity of citizenship—where each plaintiff's citizenship is different from the citizenship of each defendant—and seeks at least $75,000 in damages. *Arbaugh*, 546 U.S. at 513 (citing 28 U.S.C. § 1332(a)); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). Although defendant Jack-Brisseau is a Maryland citizen,

defendant Husbands and the plaintiffs are all New York citizens, so complete diversity does not exist. (ECF No. 1 at 2.) Furthermore, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The plaintiffs claim that the amount in controversy exceeds $75,000 "because for more than 10 years [Herbert] has enriched the life of Sherma Jack-Brisseau who is the owner of the subject premises in controversy 126 East 35th Street, Brooklyn and has invested time, labor and money." (ECF No. 1 at 3.) The plaintiffs have not pled a "reasonable probability" that they can recover at least $75,000 in this action to meet the statutory jurisdictional requirement. *See Chase Manhattan Bank, N.A.*, 93 F.3d at 1070 (A plaintiff must also show that the amount in controversy is non-speculative in order to satisfy the statute.).

## II. Judicial Immunity

Even if the Court had subject matter jurisdiction over the plaintiffs' landlord-tenant matters—which it does not—the plaintiffs' claims against Judge Devito are foreclosed by absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting that a judicial officer in the performance of his or her duties has absolute immunity from suit); *Shtrauch v. Dowd*, 651 F. App'x 72, 73–74, 2016 WL 3212180, at *1 (2d Cir. 2016) (summary order) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (internal quotation marks omitted) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))). The plaintiffs' claims against Judge Devito arise out of her role as the assigned judge in

5

their landlord-tenant action in state court. Thus, Judge Devito has absolute immunity, and the plaintiffs' claims against her must be dismissed. *See Montero*, 171 F.3d at 760.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Because *pro se* complaints are construed liberally, and in an abundance of caution, the plaintiffs are granted 30 days leave to file an amended complaint.

If the plaintiffs choose to file an amended complaint, the amended complaint must include facts sufficient to meet the citizenship and amount in controversy requirements set forth above to confer subject matter jurisdiction over this action. *See Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (Courts should allow "plaintiffs to amend complaints to drop dispensable non-diverse defendants whose presence would defeat diversity of citizenship." (internal quotation marks omitted) (quoting *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)); *Maitland v. Lunn*, 14–CV–5938, 2017 WL 1088122, at *10 (E.D.N.Y. Mar. 21, 2017) (granting plaintiff leave to file an amended complaint to plead sufficient facts in order to satisfy the $75,000 amount-in-controversy requirement)). Specifically, the plaintiffs must establish complete diversity of citizenship among themselves and each defendant named in the amended complaint, meaning that no defendant can be a citizen of the same state as the plaintiffs. They must also clearly explain how they meet the statutory threshold amount, including the basis for seeking punitive damages.

The plaintiffs are advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order.

If the plaintiffs do not file an amended complaint within the time allowed or cure the deficiencies discussed herein, the Clerk of the Court is to enter judgment dismissing this action for the reasons set forth above. Although the plaintiffs paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

The Honorable Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      October 4, 2018